IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONSIEUR SHAWNELLIAS BURGESS, </br>     Plaintiff, </br> </br> v. </br> </br> DOJI, Inc., et al., </br>     Defendants. | Case No. 3:25-cv-00495 </br> Judge Trauger/Frensley, Jr. |

## REPORT AND RECOMMENDATION

This fee-paid, pro se discrimination case is before the court on defendants' motion for partial dismissal of the complaint for lack of subject matter jurisdiction and failure to state a claim. Docket No. 22. The motion is briefed and ready for disposition. The undersigned recommends defendants' motion for partial dismissal be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth herein.

### I.    BACKGROUND

Plaintiff alleges the following in his Amended Complaint.[1] Docket No. 16. He is an African American and American Indian male. Docket No. 16, p. 1. He was a regular customer at DOJI's Murfreesboro restaurant dating back to 2016. Id. at p. 6. He visited the restaurant on April 17, 2025, and was seated at his favorite table. Id. Shortly after sitting down, restaurant manager Brandy Worman approached Plaintiff's table. Id. Worman told Plaintiff that he would not be

---

[1] Plaintiff filed his initial complaint on May 1, 2025. Docket No. 1. Defendants moved to dismiss the Complaint for failure to state a claim and other grounds. Docket No. 13. On June 2, 2025, Plaintiff filed a response to Defendants' motion, as well as an Amended Complaint. Docket Nos. 15-16. The Amended Complaint is now the operative Complaint before the court. Therefore, Defendants' motion to dismiss directed to the initial Complaint is denied as moot. Docket No. 13.

served and that he was banned from the restaurant. Id. When Plaintiff asked why, Worman stated that she had received a complaint from one of the restaurant's servers (named as "Jane Doe" defendant in the amended complaint) that Plaintiff had sexually harassed her. Id. Plaintiff collected his belongings to leave and told Worman that he would be filing a lawsuit. Id. Worman responded by calling him the "N" word and demanding that he leave. Id.

This suit followed. Plaintiff brings suit under 42 U.S.C. § 1981[2] and Title II of the Civil Rights Act of 1964, alleging defendants refused him service based on his race. He asserts claims for discrimination and aiding and abetting under the Tennessee Human Rights Act, T.C.A. .§ 4–21–101 et seq., and state law claims for defamation, negligence, and fraudulent misrepresentation. He seeks injunctive relief from being banned from the restaurant and damages.[3] Id. at p. 14.

Defendants now move to dismiss the supplemental state law claims. Docket No. 22. Plaintiff has responded, opposing the motion, and defendants have replied. Docket Nos. 23, 27.

## II.    LAW AND ANALYSIS

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

---

[2] The case caption on the ECF docket sheet erroneously identifies this action as being filed under 42 U.S.C. § 1983. However, Plaintiff cites 42 U.S.C. §1981 as the basis for federal jurisdiction, not §1983, in his civil cover sheet and throughout his initial and amended complaints.
[3] The 15-page, single-spaced, micro-fonted amended complaint also contains much tedious and burdensome language that has no bearing on the case.

2

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

A. **Tennessee Human Rights Act**

Defendants argue Plaintiff's THRA claims should be dismissed because the THRA does not permit a direct action in federal court. Docket No. 22, p. 5. They argue Plaintiff filed his THRA claim directly in this Court contrary to the statute's plain language. They also assert Plaintiff fails to state a claim for aiding and abetting under the THRA. Id.

Plaintiff counters that the statutory language of the THRA provides for a direct cause of action in federal court, regardless of the administrative process, when supplemental jurisdiction is proper. Docket No. 23, pp. 1-2. He notes his administrative route never came to fruition and that his case has not been heard and cannot be heard because the THRC has been disbanded. Id. at p. 2. He largely relies on *Cripps v. United Biscuit of Great Britain*, 732 F.Supp. 844 (E.D. Tenn 1989). In their reply, Defendants appear to abandon or concede this argument. Docket No. 27, p. 1.

Subject matter jurisdiction over the THRA claim is proper. The THRA provides that it is a discriminatory practice for an employer to "[f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or

3

privileges of employment because of such individual's race...." T.C.A. . § 4–21–401. "Any person injured by any act in violation of the provisions of" the THRA has a civil cause of action. T.C.A. . § 4–21–311(a). There are two ways to bring a claim for race discrimination under the statute: (1) filing a complaint with the THRC, whose adverse determination may later be reviewed in state court, or (2) filing a direct action in the chancery court. *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1483–84 (6th Cir. 1989) (citing T.C.A. . §§ 4–21–302, –311). The Sixth Circuit has noted that the THRA forces a plaintiff to make an election between these two methods of review. Id. at 1485 (citing *McClements v. N. Am. Phillips Consumer Elec. Corp.*, No. 1273, 1989 WL 61274 (Tenn. Ct. App. June 9, 1989); *McClure v. Bush Bros. & Co.*, No. 53, 1987 WL 18906 (Tenn. Ct. App. Oct. 27, 1987)). When a plaintiff chooses "the administrative route and follow[s] it through to the conciliation stage, a direct action in chancery court is barred." Id. In other words, once a plaintiff obtains a decision through one method of review, he cannot pursue a different avenue to get a "second bite at the apple." Id. at 1486.

In *Cripps* the court exercised supplemental (pendent) jurisdiction over an age discrimination case in conjunction with an ADEA claim, finding there was no policy or statutory reason not to do so. 732 F.Supp 848. The court stated:

> [T]he exercise of pendent jurisdiction over the State discrimination claim is not inappropriate in this case. The remedies are not wholly duplicative and Congress has not expressly precluded such a recovery under the ADEA. … The determination of the scope and amount of damages, if any, recoverable by the plaintiff is for the jury. The Court will instruct the jury carefully and the case will be submitted to the jury for special verdicts on the federal and State law claims pursuant to Rule 49(a), Fed.R.Civ.P. *See DuPont v. Southern Pacific Company*, 366 F.2d 193 (5th Cir.1966). The State law claim arises out of the same facts and will not predominate the trial or require substantially more evidence than would otherwise be presented on the federal claim.

Id. at 848.

Defendants complain *Cripps* is old authority. They cite *Gregory v. Shelby County*, 220 F.

4

220 F. 3d 433, 446 (6th Cir. 2000). *Gregory* is inapposite, though, because it concerned the Tennessee Government Tort Liability Act, not the THRA, which contained restrictive language giving the state courts exclusive jurisdiction. The THRA contains no such exclusivity language regarding jurisdiction. The Tennessee Human Rights Act was designed to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964," as well as other federal civil rights statutes. T.C.A. . § 4–21–101(a)(1). "Like the Tennessee courts, [the federal courts] treat employment discrimination claims under the Tennessee Human Rights Act and Title VII as coterminous, applying United States Supreme Court and Sixth Circuit Title VII precedents to claims under the Tennessee law. Se*e, e.g., Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

The parties do not dispute that Plaintiff's federal claims and those under the THRA arise under the same nucleus of facts. Further, Plaintiff has had no merits review of his THRA claim. *Cf. Hullom v. City of Jackson, Tenn*., 620 F. Supp. 2d 895, 898 (W.D. Tenn. 2009) (dismissing THRA claim and concluding it lacked subject matter jurisdiction to review merits based administrative order of the THRC). This court will exercise supplemental jurisdiction over Plaintiff's discrimination claim under the THRA.

### B. Aiding and Abetting

Defendants next move to dismiss Plaintiff's claim for individual liability based on "aiding and abetting discrimination" under the THRA because the provision he cites to support this claim, Tenn. Code Ann. § 4-21-301(2), no longer exists. Docket No. 22, p. 6. Plaintiff counters that the claim still applies to DOJI, Inc. even though Worman and Jane Doe cannot be assessed damages.

Prior to July 1, 2014, the THRA imposed individual liability on anyone "who aids, abets, incites, compels, or commands an employer to engage in" any discriminatory acts or practices.

5

*See Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 705 (W.D. Tenn. 2005). "However, that language was removed effective July 1, 2014, with the THRA now stating that '[n]o individual employee or agent of an employer shall be liable for any violation of [employment related discrimination] that any employer shall be found to have committed.' " *Strong v. HMA Fentress Cty. Gen. Hosp.*, LLC, 194 F. Supp. 3d 685, 688 n.1 (M.D. Tenn. 2016) (citing Tenn. Code Ann. § 4–21–301(b)). The amendment therefore forecloses Plaintiff's aiding and abetting claim as a matter of law. *See Bowles v. Heath Consultants, Inc.*, No. 216CV02982STACGC, 2017 WL 1026017, at *2 (W.D. Tenn. Mar. 16, 2017) ("after July 1, 2014, there is no individual liability for discrimination claims").

    **C.**    **Defamation**

Plaintiff asserts a state law defamation claim against defendants. Docket No. 16, pp. 8-10. Plaintiff alleges that "it is defamatory for Jane Doe and/or Ms. Worman to tell the fabricated claim of sexual harassment to Peter Demos, the president of DOJI, Inc.," and for DOJI "to advise its employees of the fabricated claim of sexual harassment and ban Plaintiff from the restaurant." Id. at p. 9. Defendants argue Plaintiff's pleading fails to satisfy the publication element. They specifically argue the statements do not meet the intra-corporate communications to qualify as communication under Tennessee law. Docket No. 22, pp. 6-7.

"To establish a prima facie case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "Publication is a term of art meaning the communication of defamatory matter to a third person." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013) (citation

6

omitted).

The court concludes the alleged discussion amongst the company and its employees does not satisfy the publication requirement. *See Boyd v. United Parcel Serv., Inc.,* No. 3:24-CV-00651, 2024 WL 4960007, at *6 (M.D. Tenn. Dec. 3, 2024) (dismissing defamation claim when plaintiff did not allege statements were communicated to anyone outside defendant corporation).

In his response, Plaintiff attempts to amends his allegation and contends that Worman's false statement in the middle of a busy restaurant in front of customers and employees amounts to publication. Docket No. 23, pp. 3-4.. He argues the context for the statement, made in a busy restaurant, satisfies the publication requirement to third parties. Id.

The court disagrees. Plaintiff pleads no facts sufficient to show that any customers heard, let alone understood, the statements allegedly made by defendants, nor does he attempt to identify anyone within the purported group of customers as third parties-bystanders. Plaintiff pleads no facts plausibly suggesting that any of the alleged third party-customers heard Worman's statements or understood them as relating to Plaintiff. As Plaintiff has failed to plead facts that plausibly demonstrate the publication element for a prima facie case, this claim should be dismissed.

### D. Civil Conspiracy to Defame

Plaintiff alleges a claim for civil conspiracy to defame. He alleges defendants engaged in a civil conspiracy to defame him when they "agreed to a plan to fabricate a claim that Plaintiff had sexually harassed his last server, in order to have him denied service and banned from the restaurant." Docket No. 16, p. 10. He alleges defendants "conspired to cloak their racist intent under a false claim that Plaintiff sexually harassed a server." Id.

The elements of a cause of action for civil conspiracy under Tennessee law are: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful

purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) resulting injury. *Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998). Conspiracy claims must be plead with some degree of specificity, and "[c]onclusory allegations … unsupported by material facts will not be sufficient to state a claim." *Id.* Moreover, civil conspiracy is not an independent cause of action, rather it requires an underlying predicate tort allegedly committed pursuant to the conspiracy, meaning that "[i]f the underlying tort is not actionable, a plaintiff's claim for civil conspiracy fails." *Morgan v. Brush Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001).

Defendants contend because Plaintiff has failed to state a claim for defamation it follows that his civil conspiracy claim based on the underlying tort of defamation fails as a matter of law. Docket No. 22, p. 8. The undersigned agrees. Plaintiff's conspiracy to defame claim should be dismissed.

The Court notes in his response, Plaintiff attached a "declaration" as an exhibit in support of his claim for civil conspiracy. Docket No. 16, Ex. 1. The Court will not consider the declaration. *See Doe by & through Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682, 690 (M.D. Tenn. 2024) (Plaintiffs' attempt to amend their Complaint via an exhibit to their response is improper).

E. **Negligence Claim**

Plaintiff alleges that DOJI was negligent when it banned him from its restaurant based on the unverified claims of an employee without first conducting an investigation of those claims. Docket No. 16, p. 12. He alleges restaurants have a duty of care to ensure a safe and respectful environment for their customers, and "if a restaurant bases its actions (like banning a customer) on the claims of an employee, there's a duty to verify those claims before taking action." Id.

Defendants argue Plaintiff fails to state a claim because no relevant duty of care owed by

8

DOJI to Plaintiff existed, let alone any breach. Docket No. 22, p. 10. Plaintiff responds, contending that federal law imposes a "clear duty not to discriminate." Docket No. 23, pp. 5-7. He argues the fact that defendants discriminated against him in a place of public accommodation and refused him service based on his race is a breach of the duty not to discriminate. Id. at p. 7. He reiterates that defendants were negligent in failing to investigate the sexual harassment claim. Id. Plaintiff cites several cases involving federal anti-discrimination statutes, including Title II of the Civil Rights Act of 1964 and the ADA.

A negligence claim under Tennessee law requires a plaintiff to establish (1) a duty owed by the defendant to the plaintiff, (2) a breach of the duty by the defendant, and (3) harm suffered by the plaintiff caused by the defendant's breach. *Faber v. Ciox Health, LLC*, 331 F. Supp. 3d 767, 777 (W.D. Tenn. 2018). Plaintiff has offered no authority to show that Tennessee courts have found a common law duty from a place of public accommodation to its customers created by any of these statutes in those cases, or by §1981 or Title II on which he bases his federal claim. In the absence of such a duty, defendants are entitled to judgment as a matter of law on Plaintiff's negligence claim. *See Washington v. Riverview Hotel, Inc*., No. 3:19-CV-00097, 2021 WL 1165935, at *6 (M.D. Tenn. Mar. 26, 2021)(there is no Tennessee authority supporting the idea that anti-discrimination statutes create a common-law duty from a place of public accommodation to its customers."). Plaintiff's negligence claim should be dismissed.

### F. Fraudulent Misrepresentation Claim

Plaintiff alleges that "Jane Doe and/or Ms. Worman knowingly made a false statement to Peter Demos, president of DOJI, Inc., that Plaintiff had committed sexual harassment, and he needed to be banned from the restaurant. Mr. Demos relying on this false statement banned Plaintiff from the restaurant on 4/17/25 which caused Plaintiff reputational harm, caused

humiliation and emotional distress." Docket No. 16, p. 14. Plaintiff alleges "[t]he owner justifiably relied on the false statement in making the decision to ban the customer." Id.

Defendants contend Plaintiff fails to state a claim because he does not allege that he relied on any representation made by Jane Doe, Worman, or Demos, he alleges only that Demos did. In his response, Plaintiff reiterates his allegation that Demos relied on the claim of false sexual harassment against him. Docket No. 23, p. 8.

To establish a claim of fraudulent misrepresentation, a plaintiff must plead the following with particularity: 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation. *Raspberry v. Campbell*, No. W200601668COAR3CV, 2007 WL 2471512, at *4 (Tenn. Ct. App. Aug. 31, 2007)). "Whether it be negligent or intentional, a plaintiff must prove that he reasonably relied upon the misrepresentation to his detriment." *See Camps v. Gore Cap., LLC*, No. 3:17-CV-01039, 2021 WL 2827094, at *5 (M.D. Tenn. July 6, 2021). As Plaintiff does not allege that he relied on any misrepresentation he has failed to state a claim for fraudulent misrepresentation. This claim should be dismissed.

G. **Request For Leave To Amend**

In his opposition brief, Plaintiff requests leave to amend his Complaint to achieve plausibility. Docket No. 23, p. 9. The court will deny Plaintiff's request to amend. *See La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F. 3d 471, 486 (6th Cir. 2010)("request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend.").

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss directed to the initial complaint is denied as moot. Docket No. 13. The undersigned recommends Defendants' partial motion to dismiss the Amended Complaint (Docket No. 22) be **GRANTED IN PART AND DENIED IN PART** as follows: (1) the court exercise supplemental jurisdiction over Plaintiff's discrimination claim under the THRA; (2) Plaintiff's claim for individual liability based on aiding and abetting discrimination under the THRA be dismissed; (3) Plaintiff's state law defamation claim be dismissed; (4) Plaintiff's claim for conspiracy to defame be dismissed; (5) Plaintiff's negligence claim be dismissed; and (5) Plaintiff's claim for fraudulent misrepresentation be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**