# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MONSIEUR SHAWNELLIAS BURGESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00495** |
| | ) | **Judge Aleta A. Trauger** |
| **DOJI, INC. *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

Before the court are (1) plaintiff Monsieur Shawnellias Burgess's "Objections to the Magistrate Judge's Order Filed on 10/23/25 (Docket #46)" (Doc. No. 49), which seeks review of a nondispositive Order (Doc. No. 46) entered by the Magistrate Judge, ruling on several miscellaneous motions filed by Burgess; and (2) Burgess's Objections (Doc. No. 50) to the Magistrate Judge's Report and Recommendation ("R&R") filed on October 27, 2025 (Doc. No. 48). The defendants filed Responses to both sets of Objections (Doc. Nos. 52, 56), and the plaintiff seeks permission to file Reply briefs in further support of his Objections (Doc. Nos. 54, 57).

For the reasons set forth herein, the plaintiff's Objections (Doc. Nos. 49 and 50) will both be **OVERRULED**. The court will also **GRANT** the plaintiff's motions for leave to file reply briefs (Doc. Nos. 54, 57).

In addition, the court hereby **WITHDRAWS** the referral to the Magistrate Judge of several pending motions (Doc. Nos. 51, 64, 66, 73, 71, and 76) and will rule directly on those motions.

# I.    STANDARD OF REVIEW

## A.    Nondispositive Orders

Within fourteen days after being served with a magistrate judge's order on a matter not dispositive of a party's claim or defense, any party "may serve and file objections" to the order. Fed. R. Civ. P. 72(a).[1] The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

"This standard requires the District Court to review findings of fact for clear error and to review matters of law *de novo*." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A legal conclusion is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* "A [factual] finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation omitted).

Review under the "clearly erroneous" standard "provides considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)) (internal quotation marks omitted). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v.*

---

[1] Although Rule 72(a) directs parties to file and serve "objections" to a magistrate judge's order on a non-dispositive matter, this court's Local Rules, for docket-management reasons, directs parties objecting to a non-dispositive magistrate judge order to file a "motion for review." L.R. 72.01(a).

*Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is typically warranted only if that discretion is abused. *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

### B.    Report and Recommendation on Dispositive Motion

Rule 72(b)(2) provides for the filing of objections to a Magistrate Judge's report and recommendation on a dispositive matter. The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed

waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    BACKGROUND

Burgess, an "African American/Native American," filed his *pro se* Complaint initiating this case on May 1, 2025 and his First Amended Complaint ("FAC") on June 2, 2025, asserting claims against defendants DOJI, Inc. ("DOJI"), Brandy Worman, and Jane Doe. (Doc. No. 16 at 1.) He alleges generally that DOJI operates a restaurant in Murfreesboro, Tennessee, that Worman is the general manager of the restaurant, and that Jane Doe was a server at the restaurant. On April 17, 2025, the plaintiff, who was a regular at the restaurant, was asked by Worman to leave and told that he would not be served, because his "last server complained regarding his behavior." (*Id.* at 6.) Worman would not tell him which server had complained about him or provide additional details, but she "alluded to sexual harassment" and threatened to call the police if the plaintiff did not leave. (*Id.*) The plaintiff collected his belongings and advised Worman that he "would have to sue for this behavior." (*Id.*) Worman responded by calling the plaintiff "the 'N' word" and demanding that he leave. (*Id.*) The plaintiff asserts that the allegations of harassment and sexual harassment are false and that his ejection and banishment from the restaurant were based on his race.

Based on these allegations, the plaintiff asserts claims against all three defendants under 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, asserted that the defendants refused to serve him based on race. He also asserts claims for discrimination and "aiding and abetting" under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*, and state

common law claims for defamation, negligence, and fraudulent misrepresentation. He seeks injunctive relief and damages.

### III.     MOTION FOR REVIEW OF NON-DISPOSITIVE ORDER

Both before and after filing the FAC, the plaintiff filed numerous motions. The Magistrate Judge's non-dispositive Order dated October 23, 2025 ("nondispositive Order") ruled on several of these, specifically (1) denying as moot the plaintiff's motion for a jury demand (Doc. No. 6), because the original Complaint and civil cover sheet already contained a jury demand; (2) denying as premature the plaintiff's Motion to Compel (Doc. No. 8), which seeks to compel Worman to disclose Jane Doe's identity; (3) denying for lack of standing the plaintiff's Motion to Disqualify [opposing] Counsel (Doc. No. 17); (4) denying as improper, premature, and unnecessary plaintiff's Motion to Join Jane Doe (Doc. No. 21); (5) construing the plaintiff's Motion to Strike (Doc. No. 36) the defendants' two Motions to Strike (Doc. Nos. 28 and 31) as a response to the defendants' Motions to Strike, which the Magistrate Judge denied by separate Order (*see* Doc. No. 45) and denying the plaintiff's Motion to Strike as unnecessary; and (6) denying as improper the plaintiff's two duplicative Motions for Sanctions (Doc. Nos. 41 and 42), which are based on the defendants' purportedly purposeful concealment of Jane Doe's identity. (Doc. No. 46.)

The plaintiff objects to many of these rulings.[2] He contends that (1) the Magistrate Judge abused his discretion in denying the Motion to Compel; (2) the denial of his Motion to Disqualify Counsel was erroneous because the "fairness and integrity of the proceedings are affected" by the defendants' being represented by the same counsel; (3) his Motion to Join Jane Doe is an example

---

[2] The plaintiff also objects to the Magistrate Judge's purported failure to rule on the plaintiff's Motion for Extension of Time to Serve Jane Doe (Doc. No. 29). (*See* Doc. No. 49 at 2.) In fact, the Magistrate Judge granted the plaintiff's motion the same day the plaintiff filed his Objections. (Doc. No. 47.)

of his diligence in seeking to identify and serve her in a timely fashion; and (4) his Motions for Sanctions should be granted, because the defendants are "us[ing] procedural tactics to frustrate serve or evade the plaintiff's rights under Rule 4(m)" by "withholding [Jane Doe's] identity until written discovery while representing multiple defendants jointly with the intent to later represent the unnamed defendant" (Doc. No. 49 at 6, 12). The plaintiff also states that he does not know "why the Magistrate [Judge] is upset with him" and asks that the case be reassigned to a different Magistrate Judge, since the current Magistrate Judge has indicated that he has "reached his limit on 'lenient treatment.'" (*Id.* at 15; *see also* Doc. No. 46 at 3 ("The 'lenient treatment generally accorded to *pro se* litigants has limits.' The undersigned is fast approaching those limits." (quoting *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996)).)

The plaintiff's Objections fail to show that the nondispositive Order contains a clear error of law or that the Magistrate Judge abused his discretion. The Objections, therefore, are **OVERRULED**, and the nondispositive Order is **AFFIRMED**.

The plaintiff's request for the assignment of a different Magistrate Judge is **DENIED**. The Magistrate Judge clearly stated that he was frustrated by the plaintiff's failure to comply with the Federal Rules of Civil Procedure in the filing of multiple unnecessary and non-meritorious motions. The plaintiff has not shown that he will be or has been treated unfairly, but his continuous filing of unnecessary motions is hindering rather than furthering his case.

## IV.    OBJECTIONS TO THE R&R

Defendants DOJI and Worman (the "moving defendants")[3] filed an initial motion for partial dismissal (Doc. No. 13) that was rendered moot by the filing of the FAC. Following the

---

[3] Defendant Jane Doe, who has not been identified or served, has obviously not yet entered an appearance in this lawsuit and therefore does not join in the moving defendants' motion. However, the rulings herein also pertain to the claims against her.

FAC, the moving defendants filed the Partial Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support (Doc. No. 22), invoking Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and arguing that: (1) the plaintiff's discrimination claim under the THRA should be dismissed for lack of subject-matter jurisdiction; (2) the "aiding and abetting" claim under the THRA should be dismissed for lack of subject-matter jurisdiction and failure to state a claim; (3) the defamation, conspiracy to defame, negligence, and fraudulent misrepresentation claims should all be dismissed for failure to state a claim. (*See generally* Doc. No. 22.) The moving defendants do not seek the dismissal of the plaintiff's discrimination claims under 42 U.S.C. § 1981 and Title II.

The R&R recommends that the moving defendants' motion be granted in part and denied in part. Specifically, the R&R finds that the moving defendants' argument that the federal courts lack jurisdiction to consider the plaintiff's THRA discrimination claim to be without merit and recommends that that portion of their motion be denied. However, the Magistrate Judge also finds that the plaintiff's "aiding and abetting" claim, through which he seeks to bring THRA discrimination claims against Worman and Jane Doe individually, are barred by clearly established Tennessee law.

The R&R also finds that the plaintiff's defamation claim is subject to dismissal based on the plaintiff's failure to plead the publication element and that his conspiracy claim fails because the underlying defamation claim must be dismissed. It recommends dismissal of the negligence claim based on the plaintiff's inability to plausibly plead the existence of a duty of investigation on the part of the DOJI or Worman and recommends that his fraudulent misrepresentation claim be dismissed because the plaintiff does not allege that *he* relied on any alleged misrepresentation.

The plaintiff has filed Objections to the R&R, which the court rules on as follows.

**C.       THRA Aiding and Abetting Claim**

The plaintiff does not object to the dismissal of his aiding and abetting claim against Worman and Doe, effectively conceding that "individual liability for aiding and abetting under the THRA is no longer available for actions accruing after July 1, 2014." (Doc. No. 50 at 2.) However, he believes that the aiding and abetting claim against *DOJI* should be permitted to proceed. He is incorrect. Aiding and abetting provided a basis for individual liability only. DOJI cannot be charged with aiding and abetting itself, and, in any event, after July 1, 2014, the statute itself no longer contains language pertaining to aiding and abetting. The plaintiff's objection to the dismissal of the "aiding and abetting" claim is **OVERRULED**.

**D.       Defamation**

Under Tennessee law, the tort of defamation encompasses both libel and slander. *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013). Only slander is at issue in this case. "Slander is 'the speaking of base and defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood.'" *Id.* (quoting *Little Stores v. Isenberg*, 172 S.W.2d 13, 16 (Tenn. Ct. App. 1943)).

The elements of a slander claim are that: "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Id.* (citations omitted). Publication, meaning the communication of defamatory matter to a third person, is an essential element of a slander claim. *Id.* "It is an 'elementary rule' in Tennessee that 'publication' is "an essential element of a [defamation] action without which a complaint must be dismissed.'" *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 687 (M.D. Tenn. 2018) (Crenshaw, C.J.) (quoting *Woods v. Helmi, M.D.A.*, 758 S.W.2d 219, 222–23 (Tenn. Ct. App. 1988)).

The R&R finds that the FAC alleges only that Worman and/or Jane Doe communicated "the fabricated claim of sexual harassment" to DOJI's president, Peter Demos, and that DOJI further defamed the plaintiff when it "advise[d] its employees of the fabricated claim of sexual harassment and ban[ned] Plaintiff from the restaurant." (Doc. No. 48 at 6 (quoting Doc. No. 16 at 9.) The R&R concludes that the "alleged discussion amongst the company and its employees does not satisfy the publication requirement." (*Id.* at 7 (citation omitted).)

The R&R also finds that the plaintiff's allegations that Worman's false statement in the middle of a busy restaurant in front of customers and employees does not, contrary to the plaintiff's argument, satisfy the publication element, because the plaintiff does not plead facts showing that any customers heard or understood the statements allegedly made by the defendants, and he does not attempt to identify any of the bystanders who might have overheard the accusation. (*Id.*)

The plaintiff objects, arguing that the R&R is clearly erroneous because his allegations are sufficient to give rise to a plausible inference that customers overheard the statement, simply given the "public setting, presence of others, and the nature of the accusation." (Doc. No. 50 at 3.) The court, in short, is not persuaded. The FAC in this case alleges in very vague terms that the defamatory statement that the plaintiff had engaged in sexual harassment was made "in front of employees and customers" (Doc. No. 16 at 9), but the plaintiff does not actually allege that any customers overheard the statement. He does not allege that the statement was uttered loudly or repeatedly. He does not allege any facts giving rise to an inference that other customers overheard or understood Worman's accusation.

Moreover, the Tennessee Court of Appeals has noted that allegations that a slanderous statement "may have been overheard by others . . . may not constitute 'publication' for purposes of the tort," particularly where those who allegedly overheard the statement were "unidentified"

"customers who wandered in and out of the store." *Brown v. Christian Bros.*, 428 S.W.3d at 52
(quoting *Brown v. Mapco Express*, 393 S.W.3d 696, 709 (Tenn. Ct. App. 2012)). Here, the plaintiff
does not adequately allege that customers overheard the purported defamation, for purposes of
publication. The FAC fails to plausibly allege the publication element of the plaintiff's slander
claim. The plaintiff's objections to the dismissal of this claim are, therefore, **OVERRULED**.

### E.    Conspiracy to Defame

Finding that the defamation claim was inadequately pleaded, the Magistrate Judge also
concluded that the conspiracy to defame claim must be dismissed because, under Tennessee law,
a civil conspiracy "is not an independent cause of action[;] rather, it requires an underlying
predicate tort allegedly committed pursuant to the conspiracy." (Doc. No. 48 at 8.) If there is no
actionable underlying tort, the civil conspiracy claim also fails. (*Id.* (citing *Morgan v. Brush
Wellman, Inc.*, 165 F. Supp. 2d 704, 721 (E.D. Tenn. 2001)).)

The plaintiff's only objection to this recommendation is that, because the R&R erred in
dismissing his defamation claim, the court should reject the recommendation that his conspiracy
claim be dismissed as well. The court, finding that the FAC fails to adequately allege the
publication element of a defamation claim, also **OVERRULES** the plaintiff's objection to the
recommended dismissal of his conspiracy claim.

### F.    Negligence

The R&R construes the plaintiff's negligence claim as based on DOJI's negligent failure
to adequately investigate and verify Jane Doe's harassment allegations before banning him from
the restaurant based solely on those allegations. (*See* Doc. No. 48 at 8; *see also* Doc. No. 16 at 12
("Restaurants have a duty of care to ensure a safe and respectful environment for their
customers. . . . If a restaurant bases its actions (like banning a customer) on the claims of an
employee, there's a duty to verify those claims before taking action.").) The R&R finds that the

plaintiff failed to show that a place of public accommodation owes a duty to its customers to investigate employee harassment claims before taking action, under Tennessee law. (*Id.* at 9 (citing *Washington v. Riverview Hotel, Inc.*, No. 3:19-CV-00097, 2021 WL1165935, at *6 (M.D. Tenn. Mar. 26, 2021) (Crenshaw, C.J.) (granting judgment as a matter of law on the plaintiff's negligence claim, because the plaintiff had "offered no authority to show that Tennessee courts have found a common-law duty from a place of public accommodation to its customers" created by 42 U.S.C. § 1981 or Title II)).)

The plaintiff argued in response to the dismissal motion that the defendants clearly had a duty not to discriminate. (*See* Doc. No. 23 at 5–7.) He reiterates that argument here, professing to be confused by the Magistrate Judge's finding that he failed to adequately allege the existence of a duty, since the THRA, Section 1981, and Title II all create a duty not to discriminate. (Doc. No. 50 at 6.) The plaintiff, of course, is correct that the referenced statutes prohibit intentional discrimination and give rise to a civil cause of action for violations of that prohibition. Regardless, the duty the plaintiff pleads in support of his *negligence* claim is a duty to investigate, not a duty not to discriminate. He has failed to establish the existence of such a duty under Tennessee law, and the Magistrate Judge did not err as a matter of law in recommending that the plaintiff's negligence claim be dismissed. This objection, too, is **OVERRULED**.

### G.    Fraudulent Misrepresentation

The plaintiff alleges in support of his fraudulent misrepresentation claim that Jane Doe and/or Worman made false representations to the president of DOJI about harassment by the plaintiff, that the *president* relied on those misrepresentations to ban the plaintiff from the restaurant, and that this action (the banning) harmed the plaintiff. (Doc. No. 16 at 13–14.) The R&R finds that this claim fails as a matter of law because, under Tennessee law, the tort of fraudulent misrepresentation requires that the *plaintiff* rely on the false statement and, as a result

of such reliance, suffer damage. (*See* Doc. No. 48 at 10 (citations omitted).) *See also Davis v. McGuigan,* 325 S.W.3d 149, 154 (Tenn. 2010) (outlining the six elements of a fraudulent misrepresentation claim, among them the requirement that plaintiffs "reasonably relied on the representation" and "were damaged by relying on the representation").

The plaintiff now objects to that recommendation on the basis of facts not alleged in the FAC—namely that the defendants invented the existence of Jane Doe, who the plaintiff believes does not exist, and the false allegations of harassment, with the intention of inducing the plaintiff to rely on those inventions. (*See* Doc. No. 50 at 6–7.) Aside from the plaintiff's failure to allege these facts in the FAC, the plaintiff even now does not purport to have relied on any purported misrepresentation as to the alleged misrepresentation or the existence of Jane Doe. He has known in his own mind all along that he did not engage in any harassment and, therefore, that Jane Doe either did not exist or was lying. (*See id.* at 7 ("Plaintiff contends that he has been steadfast and clear that he didn't commit any sexual harassment which is also saying that there can't be any such person as a Jane Doe. . . .").) He claims that he "had to rely" on the manager's "false claim" "or else be arrested for trespassing, but, in fact, he clearly did not rely on the truth of the manager's statement about Jane Doe's allegations because, as he says, he knew it was false. He relied instead on the manager's representation that he would be arrested if he did not leave the restaurant. He does not allege that *this* representation was false when made.

The plaintiff's objections to the recommended dismissal of his fraudulent misrepresentation claim is **OVERRULED**.

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the court rules as follows:

1. The Motion to Dismiss Plaintiff's Complaint (Doc. No. 13), aimed at the original Complaint, is **DENIED AS MOOT**.

2.    The plaintiff's Motion for Leave to Reply to Defendants' Response to Plaintiff's Objections to Magistrate Judge's Order Filed on 10/23/2025 (Doc. No. 54) is **GRANTED**.

3.    The plaintiff's Objections (Doc. No. 49) to the Magistrate Judge's nondispositive Order (Doc. No. 46) are **OVERRULED**, and the underlying Order is **AFFIRMED**.

4.    In addition, the plaintiff's Motion to Reconsider/Renewed Motion to Compel Brandy Worman/DOJI, Inc. to Identify Jane Doe (Doc. No. 51) is **DENIED** as redundant of the plaintiff's Objections to the nondispositive Order and mooted by this court's overruling of the plaintiff's Objections to that part of the nondispositive Order denying the Motion to Compel (Doc. No. 8).

5.    The plaintiff's Motion for Leave to Reply to Defendants' Response to Plaintiff's Objections to Magistrate Judge's Order Filed on 10/27/2025 (Doc. No. 57) is **GRANTED**.

6.    The plaintiff's Objections (Doc. No. 50) to the Magistrate Judge's R&R (Doc. No. 48) are **OVERRULED** in their entirety.

7.    The R&R (Doc. No. 48) is **ACCEPTED** in its entirety, and, consistent therewith, the moving defendants' Partial Motion for Dismissal (Doc. No. 22) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **DENIED**, insofar as it seeks dismissal of the THRA claim against DOJI for lack of subject matter jurisdiction. The motion is **GRANTED**, insofar as it seeks dismissal of the THRA claim against the individual defendants, Jane Doe and Worman, and the THRA "aiding and abetting" claim against the individual defendants is **DISMISSED**. The motion is **GRANTED** with respect to the plaintiff's state common law claims for defamation, conspiracy to defame, negligence, and fraudulent misrepresentation, and these claims are **DISMISSED** as to all defendants.

8.      The plaintiff's Motion *in Limine* to Exclude Evidence (Doc. No. 64) is **DENIED WITHOUT PREJUDICE**, as premature, as this case is nowhere near going to trial. All associated motions (Doc. Nos. 66, 73) are **DENIED AS MOOT**.

9.      The plaintiff's Motion for Sanctions (Doc. No. 71) and related Motion for Leave to File Supplemental Reply in Support of Motion for Sanctions (Doc. No. 76) are both **DENIED**.


The plaintiff's Motion for Leave for Early Discovery and his Motion for an Order to Clarify Whether this Case Is Exempt from Rule 12(f) (Doc. Nos. 53, 55) remain pending and remain on referral to the Magistrate Judge, as does this case.

The plaintiff needs to stop filing unnecessary and premature motions, and this case needs to proceed to discovery. The court recommends that the plaintiff review the court's *Pro se Handbook for Nonprisoner Federal Civil Actions* and, in particular, those portions pertaining to discovery. The Handbook is available online at https://www.tnmd.uscourts.gov/content/pro-se-handbook-non-prisoner-federal-civil-actions. The plaintiff should also familiarize himself with the Federal Rules of Civil Procedure, as well as this court's Local Rules, particularly Rules 16.01 and 33.01. The Local Rules are available at https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

While this case is exempt from a mandatory initial case management conference, the plaintiff may move for an initial case management conference before the Magistrate Judge, and the Magistrate Judge may *sua sponte* set a case management conference. L.R. 16.01(b)(2), (c).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge