|  |  |
|---|---|
| MONSIEUR SHAWNELLIAS BURGESS, | |
| Plaintiff, | Case No. 3:25-00495 |
| v. | Judge Aleta A. Trauger |
|  | Magistrate Judge Luke A. Evans |
| DOJI, INC, et al., | |
| Defendants. | |

## <u>MEMORANDUM ORDER</u>

On May 28, 2026, plaintiff filed a motion for leave to issue four subpoenas. (Doc. No. 224.) Permission from the Court is required under Local Rule 45.01(a) because plaintiff is proceeding pro se. As with other local rules for pro se litigants both here and in other districts, Local Rule 45.01 "provides a safeguard in such [pro se] litigation by allowing the court to oversee the discovery process and prevent abuse of that process." *Vukadinovich v. Griffith Pub. Schs.*, No. 2:02 CV 472, 2008 WL 5191451, at *2 (N.D. Ind. Dec. 10, 2008).

To prevent abuse of the subpoena process, Local Rule 45.01 gives the Court discretion to prescreen proposed subpoenas for defects that would not survive a motion to quash under Rule 45(d)(3) and for overall proportionality to the needs of the case. *Cf. Downs v. McDonough*, No. 3:20-01090, 2022 WL 17724144, at *2 (M.D. Tenn. Dec. 15, 2022) (denying leave to issue a subpoena for a forensic examination of defendant's computer, where the subpoena was "both unnecessary at this time and overreaching"). One factor that can affect permission to issue a subpoena is whether the proposed subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (unpublished opinion) (citations omitted). Proportionality can

affect whether an undue burden exists if the expense and effort of obtaining subpoenaed information outweighs the information's potential value. *See Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted); *accord Spears v. First Am. eAppraiseIT*, No. 13-MC-52, 2014 WL 1045998, at \*2 (S.D. Ohio Mar. 14, 2014) (citations omitted). A subpoena also can impose an undue burden if the party serving it can obtain the same evidence by other viable means. *See Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at \*2 (N.D. Ohio Feb. 13, 2008) (citations omitted); *see also Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Courts should also consider what information is available to the requesting party from other sources. To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena.") (citation omitted). Additionally, "[w]hile Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Abundes v. Athens Food Servs., LLC*, No. 3:14-1278, 2015 WL 13664280, at \*2 (M.D. Tenn. Sept. 18, 2015) (citation omitted).

The Court now turns to plaintiff's subpoena requests. First, plaintiff wants to subpoena "Uber Technologies, Inc. and Joanie's Boro LLC for records concerning a January 23, 2025 food-delivery transaction that Plaintiff's prior motion [Doc. No. 106] described as a Joanie's-to-Demos order with an approximate time of 12:02 p.m., a transaction amount of $42.09, and payment by an American Express card ending in 6008." (Doc. No. 224 at 2.) Plaintiff already has the receipt for the transaction in question. (Doc. No. 106-1 at 6.) The receipt confirms that plaintiff has an account with Uber. Plaintiff has not shown why he is unable to log into his own Uber account and to

2

download all of the transaction information himself. Additionally, the Court does not understand why any subpoenas concerning the transaction in question would come from plaintiff and not defendants. Plaintiff has produced a receipt that shows no messages or additional instructions included with the transaction. Plaintiff has no evidentiary burden to disprove the existence of any messages as elements of the counts in the second amended complaint. If defendants insist that some sort of message was included with the transaction then the information would be relevant to their affirmative defenses, and defendants would have the burden of producing the information in admissible form for trial or for dispositive motions. *See, e.g.,* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The Court thus denies this request as irrelevant and disproportionate to the needs of the case.

Next, plaintiff seeks permission to issue the document subpoena that he previously proposed serving (Doc. No. 107-1) on nonparty Addyson Kress ("Kress"), the apparent recipient of the January 23, 2025 transaction described above. The proposed subpoena would require an extensive search of billing statements, call logs, text messages, screenshots, photographs, and other electronic information concerning any alleged messages attached to the January 23, 2025 transaction. As the Court noted above when assessing the proposed Uber subpoena, plaintiff already has produced a receipt for that transaction that shows no messages or additional instructions, and plaintiff can access his own Uber account for full transaction information. Defendants have the responsibility to prove the existence of any messages. The extensive search proposed in the subpoena is disproportionate to the needs of the case. The Court accordingly denies the request.

Finally, plaintiff seeks permission to issue the document subpoena that he previously proposed serving (Doc. No. 117-1) on nonparty Isabella Graves ("Graves"). The proposed subpoena also concerns alleged messages attached to the January 23, 2025 transaction described above, but Graves neither ordered nor received the transaction. Given other available means to pursue the information if necessary, this subpoena would be cumulative and disproportionate to the needs of the case. The Court thus denies this request.

### Conclusion

For the foregoing reasons, plaintiff's motion for leave to issue subpoenas (Doc. No. 224) is DENIED.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge