IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MONSIEUR SHAWNELLIAS BURGESS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:25-cv-00495** |
| | ) | **Judge Aleta A. Trauger** |
| **DOJI, INC. *et al.*,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

This matter is on referral to the Magistrate Judge for case management and to dispose or recommend disposition of any pretrial motions, under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, as necessary, under Rule 72 of the Federal Rules of Civil Procedure. Now before the court are plaintiff Monsieur Shawnellias Burgess's numerous Objections and Motions for Review of nondispositive orders entered by the Magistrate Judge, including: (1) Plaintiff's Motion for Review or Clarification of Magistrate Judge's Order Granting Defendants' Motion for Extension of Time (Doc. No. 191); (2) Plaintiff's Motion for Review or Modification of May 28, 2026 Scheduling and Discovery Order (Doc. No. 225) and two ancillary motions to supplement that motion (Doc. Nos. 226, 234); (3) Plaintiff's Motion for Review or Clarification of Doc. 220 (Doc. No. 232); (4) Plaintiff's Rule 72(a) Motion for Review of Doc. 236 (Doc. No. 240); (5) Plaintiff's Rule 72(a) Objection to June 4, 2026 Memorandum Order Denying Leave to Issue Subpoenas (Doc. No. 241); (6) Plaintiff's Rule 72(a) Objection to June 8, 2026 Order (Doc. No. 243); (7) Plaintiff's Rule 72(a) Objection to June 25, 2026 Memorandum Order at Doc. 269 (Doc. No. 270); (8) Plaintiff's Motion for Review of Nondispositive Order at Doc. 288 Under Rule 72(a) (Doc. No. 289); (9) Plaintiff's Motion for Review of Nondispositive Order of Magistrate

Judge (Doc. No. 305); and (10) Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 308).

As set forth below, the court finds the plaintiff's objections to be uniformly without merit.

## I. STANDARD OF REVIEW

Under Rule 72, any party has fourteen days after being served with a magistrate judge's order on a nondispositive matter to "serve and file objections" to the order. Fed. R. Civ. P. 72(a).[1] The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

"This standard requires the District Court to review findings of fact for clear error and to review matters of law *de novo*." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A legal conclusion is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* "A [factual] finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation omitted).

---

[1] Although Rule 72(a) directs parties to file and serve "objections" to a magistrate judge's order on a non-dispositive matter, the court's Local Rules, for docketing and case management reasons, state that "Objections to decisions of Magistrate Judges on nondispositive matters in civil cases under Fed. R. Civ. P. 72(a), must be formatted and styled as a 'Motion for Review of Nondispositive Order of Magistrate Judge.'" L.R. 72.01(a). Documents filed as "Objections" will not be flagged as pending motions on the docket and, consequently, risk being overlooked by the court.

The court notes that, however styled, a motion for review functions as objections and requires the court to review and consider the objections set forth in the motion. The denial of a motion for review means, not that the court declines review, but that the court overrules the objections set forth in the motion for review.

Review under the "clearly erroneous" standard "provides considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)) (internal quotation marks omitted). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is typically warranted only if that discretion is abused. *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II. DISCUSSION

### A. Motion for Review (Doc. No. 191)

On May 18, 2026, the Magistrate Judge granted the defendants' well supported motion (Doc. No. 175) for an extension of the deadline for responding to the plaintiff's pending motion to amend his complaint for a third time. ("May 18 Order," Doc. No. 190.) The plaintiff filed a seven-page Motion for Review or Clarification of the one-page May 18 Order (Doc. No. 191), a Reply (Doc. No. 213) to the defendants' Response (Doc. No. 214), and then a "Short Reply" (an additional eight pages) further supplementing his original Reply. The plaintiff's Motion for Review of this run-of-the-mill case management Order is without merit. The plaintiff fails to show that the Magistrate Judge abused his discretion or that the plaintiff was remotely prejudiced by the extension of the defendants' response deadline. This Motion for Review (Doc. No. 191) is **DENIED**, and the May 18 Order (Doc. No. 190) is **AFFIRMED**. The plaintiff's Motion for Leave to File Short Supplemental Memorandum Regarding Prejudice from Defendants' Extension and

Current Rule 12/Discovery Posture (Doc. No. 201) and the defendants' Motion to Strike (Doc. No. 216) are both **DENIED AS MOOT**.

**B. Motion for Review (Doc. No. 225)**

On May 28, 2026, the Magistrate Judge issued an Order ("May 28 Order") (Doc. No. 217) following on the heels of an in-person scheduling and discovery conference. The May 28 Order memorialized the conclusions and determinations reached during that conference. Specifically, this Order directed the defendants to provide certain discovery sought by the plaintiff; directed the plaintiff to file an "appropriate motion" if he wished to subpoena any third-party witnesses for depositions or documents; described the discovery procedure the parties were to follow; limited the number of interrogatories, requests for admission, and requests for production of documents each party could serve on the other and the number of depositions each party could take; and established a scheduling order for the conclusion of discovery and the filing of dispositive motions.

One day later, on May 29, 2026, the plaintiff filed his 26-page "Motion for Review or Clarification" of the May 28 Order. (Doc. No. 225.) The plaintiff then filed a Motion for Leave to Supplement his initial Motion for Review (Doc. No. 226), adding an additional ten pages of argument requesting judicial notice of certain utterly irrelevant documents, and a second Motion for Leave to Supplement, seeking to bring to the court's attention "targeted excerpts from Plaintiff's May 13, 2026 deposition" (Doc. No. 234 at 1).

This Motion for Review, too, is without merit. The plaintiff fails to show that the Magistrate Judge's attempt to set reasonable discovery limits and a clear time frame for completing discovery was well within his discretion, and the plaintiff cannot show that the May 28 Order is clearly erroneous or contrary to law. The Motion for Review (Doc. No. 225) and the Motions for Leave to Supplement (Doc. Nos. 226, 234) are **DENIED**, and the underlying Order (Doc. No. 217) is **AFFIRMED**.

### C. Motion for Review (Doc. No. 232)

On May 29, 2026, the Magistrate Judge entered an Order ("May 29 Order") (Doc. No. 220) that denied the plaintiff's Motion to Expedite Production (Doc. No. 187) of the transcript of the plaintiff's May 13, 2026 deposition and his "Supplement in Support" of that motion (Doc. No. 197), on the grounds that the plaintiff was not entitled to expedited production of his transcript (Doc. No. 220 at 3). The May 29 Order also denied the plaintiff's requests that the court identify the court reporter and videographer, as the plaintiff clearly already knew the identity of the court reporter, having emailed her directly, and could easily obtain the identity of the videographer without seeking leave of court. (*Id.*)

In his Motion for Review, the plaintiff asks this court to modify or clarify the May 29 Order to "make it clear that (1) preservation-only notices were not motions for relief; (2) Plaintiff did not seek a free transcript from Defendants; and (3) Doc. 220 should not be read to bar Plaintiff from relying on a transcript he had already obtained through the ordinary process and identified as available before the order was entered." (Doc. No. 232.) In other words, the plaintiff does not actually seek relief from the May 29 Order, and he has no need for the "clarifications" he seeks, as they were not germane to the court's ruling.

The Motion for Review (Doc. No. 232) is **DENIED** as frivolous, and the May 29 Order (Doc. No. 220) is **AFFIRMED**.[2]

---

[2] On May 28, 2026, the plaintiff filed a "Notice of Deposition Transcript Availability" along with a complete copy of his deposition transcript. (Doc. Nos. 221, 221-1.) This improperly filed Notice was filed the day before the May 29 Order, but both were actually docketed on June 1, 2026. In any event, the filing establishes that his request for an expedited transcript is moot.

### D. Plaintiff's Rule 72(a) Motion for Review of Doc. 236 (Doc. No. 240)

On June 4, 2026, the Magistrate Judge entered an Order ("June 4 Order") that, first, reminded the plaintiff that, as he had previously been instructed, "[n]otices are not vehicles to seek relief from the Court. Nor are they meant to be used as vehicles to flood the docket with information." (Doc. No. 236 at 1 (quoting Doc. No. 220 at 4.) The May 29 Order had also "further reminded the plaintiff that he is required to comply with Local Rule 7.03 regarding the proper formatting of future filings" (*Id.* (citing Doc. No. 220).) Despite that admonition, the plaintiff, after entry of the May 29 Order had filed three more "notices" that he intended for "record-preservation purposes"; the Magistrate Judge ordered these notices stricken from the docket. (*Id.* at 1 (striking Doc. Nos. 227, 229, 233).)[3] In addition, the June 4 Order denied three motions (Doc. Nos. 228, 230, 235) that contained "improperly formatted text in violation of Local Rule 7.03(a)." (Doc. No. 236 at 2.) These three motions are styled as (1) Plaintiff's Motion for Clarification Regarding June 6, 2026 POS Production, Source-Authentication Information, and Request for 28 U.S.C. § 1746 Declaration (Doc. No. 228); (2) Plaintiff's Motion Regarding Undocketed Submissions and Request for Docketing or Deficiency Notice (Doc. No. 230); and (3) Plaintiff's Motion Regarding April 19, 2025 Video Preservation, Spoliation, and Limited Source-Evidence Relief (Doc. No. 235). The defendants filed a Response (Doc. No. 261) to this Motion for Review, and the plaintiff filed a Reply (Doc. No. 267) in further support thereof.

The three motions are essentially nonsense, and, in his Motion for Review, the plaintiff again asks for unnecessary relief while failing to explain how the June 4 Order is clearly erroneous

[3] The Magistrate Judge could have, but did not, strike the plaintiff's Notice of Deposition Transcript Availability.

or contrary to law. The Motion for Review (Doc. No. 236) is **DENIED**, and the June 4 Order (Doc. No. 236) is **AFFIRMED**.

### E. Plaintiff's Rule 72(a) Objection to June 4, 2026 Memorandum Order Denying Leave to Issue Subpoenas (Doc. No. 241)

On May 28, 2026, the plaintiff filed a motion for leave to issue four subpoenas for records or testimony from nonparty witnesses. (Doc. No. 224.) The Magistrate Judge denied this motion in a Memorandum Order entered on June 4, 2026. ("Subpoena Order," Doc. No. 237.) He explained that the plaintiff is required by Local Rule 45.01(a) to seek permission to issue subpoenas because he proceeds *pro se*. (Doc. No. 237 at 1.) The Subpoena Order denied the motion on the grounds that the information the plaintiff sought was already in his possession, cumulative, irrelevant, and/or disproportionate to the needs of the case. (*Id.* at 3–4.) The plaintiff's Objection[4] to the Subpoena Order again fails to show that the Magistrate Judge's ruling is erroneous or contrary to law, and the plaintiff does not specifically address or take issue with the explanation stated in the Subpoena Order itself as to why the plaintiff had no need to request the information sought from the nonparties identified in the motion for subpoenas.

The plaintiff's Objection (Doc. No. 241) is **OVERRULED**, and the Subpoena Order (Doc. No. 237) is **AFFIRMED**.

### F. Plaintiff's Rule 72(a) Objection to June 8, 2026 Order (Doc. No. 243)

On June 4, 2026, the plaintiff filed a "Motion for Leave to File Limited Supplemental Response in Opposition to Defendants' Vexatious-Litigation Sanctions Request Doc. 147." (Doc.

---

[4] The plaintiff is reminded that, pursuant to the court's Local Rules, "Objections to decisions of Magistrate Judges on nondispositive matters in civil cases under Fed. R. Civ. P. 72(a), must be formatted and styled as a 'Motion for Review of Nondispositive Order of Magistrate Judge.'" L.R. 72.01(a). The plaintiff is hereby **FOREWARNED** that his failure to comply with this Local Rule shall result in the summary denial of his objections and shall bar the filing of a motion for review addressing the same issues.

No. 238.) The "Doc. 147" to which the plaintiff referred was the defendants' Motion to Declare Plaintiff a Vexatious Litigant and for Inherent Authority Sanctions. (Doc. No. 147.) The plaintiff had already filed a Response to this motion; the defendants had filed a Reply, and the Magistrate Judge had denied the motion (without prejudice) in an Order entered on April 29, 2026. (Doc. Nos. 149, 152, 170.) The Magistrate Judge denied as frivolous the plaintiff's motion to supplement his response to a motion that had already been denied.[5] (Doc. No. 242.) The plaintiff's Objection takes issue only with the Magistrate Judge's characterization of his motion as "frivolous" and asks for clarification that the order was "procedural" and did not constitute a finding that the plaintiff's position was frivolous. (Doc. No. 243.)

No clarification is needed. The Magistrate Judge did not address the merits of the plaintiff's motion. The two-paragraph Order clearly denied the motion on the basis that it sought to supplement a response to a motion that had already been denied and further noted that, if the defendants renewed their motion in the future, the plaintiff would "be allowed to file an appropriate response." (Doc. No. 242.) The plaintiff's Objection (Doc. No. 243) is **OVERRULED** as unnecessary and unsupported, and the underlying Order (Doc. No. 242) is **AFFIRMED**. The plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. No. 244) in further support of his Objection is **DENIED AS MOOT**.

### G. Plaintiff's Rule 72(a) Objection to June 25, 2026 Memorandum Order at Doc. 269 (Doc. No. 270)

The June 25 Memorandum Order ("June 25 Order") (Doc. No. 270) addressed three more motions: (1) the plaintiff's 19-page "Motion to Modify Scheduling Order and Compel Limited Source-System Verification, Metadata/Audit Information, and Custodian Declarations Regarding

[5] The Magistrate Judge also directed the Clerk to strike the plaintiff's notice of filing a corrected exhibit to that motion. (*See* Doc. No. 242 (striking Doc. No. 239).)

Defendants' Post-Deposition POS/Receipt Production, or Alternatively to Preclude Use of Unauthenticated Late-Disclosed Materials" (Doc. No. 248); (2) the plaintiff's "Motion for Clarification and Leave to File One Consolidated Renewed Motion to Compel Limited Source-Evidence Discovery, Without Prejudice to Plaintiff's Pending Rule 72(a) Objection to Doc. 217" (Doc. No. 250); and (3) Plaintiff's Opposition to Defendants' Motion for Extension of Time and, in the Alternative, Conditional Motion to Modify Scheduling Order (Doc. No. 268). The June 25 Order characterized these motions as, at their core,

> show[ing] that plaintiff wants to continue endless litigation over an issue that the May 28, 2026 conference definitely confirmed as absurd: Plaintiff was a patron in defendants['] [restaurant] for over 10 years (Doc. No. 172 at 3); he knows the staff; he knows who served him on April 10, 2025 because *he was the customer and he was there*; he would recognize his server immediately as soon as he conducts her deposition; defendants have told him who served him; and yet he insists on endless production of forensic evidence to confirm who served him.

(Doc. No. 269 at 1.) While also noting that the motions were not in compliance with the formatting requirements set forth in Local Rule 7.03, the June 25 Order denied the motions as frivolous and disproportionate to the needs of the case.[6]

The plaintiff again objects to the Magistrate Judge's characterization of his motions as frivolous. (Doc. No. 270, *passim*.) The defendants filed a Response (Doc. No. 278), and the plaintiff filed a Reply (Doc. No. 279) in further support of his Objection.

Based on a review of the record as a whole, the court finds that the discovery (or other relief) sought by the plaintiff in the underlying motions is frivolous and disproportionate to the

---

[6] The June 25 Order also denied the plaintiff's Motion for Leave to File Limited Sur-Reply, both because it did not comply with L.R. 7.03 and because it would "add six more pages to the 18 pages that [the plaintiff] has filed (Doc. No. 249) arguing that his continued fight for forensic confirmation of who served him on April 10, 2025 is not evidence of vexatiousness. The irony speaks for itself." (Doc. No. 269 at 2.)

needs of the case. The Objection (Doc. No. 270) is **OVERRULED**, and the underlying June 25 Order is **AFFIRMED**.

### H. Plaintiff's Motion for Review of Nondispositive Order at Doc. 288 Under Rule 72(a) (Doc. No. 289)

On July 23, 2026, the Magistrate Judge denied several more of the plaintiff's motions. ("July 23 Order," Doc. No. 288.) Specifically, he denied as frivolous the plaintiff's intentionally repetitive (*see* Doc. No. 271 at 1) "Renewed Motion" for permission to issue nonparty subpoenas (Doc. No. 271, his additional motions for leave to issue subpoenas further addressed to the question of whether defendant Cameron Ignatz was indeed the plaintiff's server on the day at issue in this lawsuit (Doc. Nos. 283, 287), and his Motion for Leave to Supplement the Pending Amendment Record with Newly Obtained TABC Public Records and for Limited Judicial Notice (Doc. No. 274), in which the plaintiff also "continues to pursue his bizarre theory that [Ignatz] could not possibly have been his server on April 10, 2025—even though he was there and knows who served him." (Doc. No. 288 at 1.) The Magistrate Judge also denied the plaintiff's Motion for Leave to File Limited Sur-Reply (Doc. No. 276) regarding the defendants' Motion for Rule 11 Sanctions on the grounds that the motion was already adequately briefed. (*Id.* at 2.) And he denied the plaintiff's Motion to Extend Deadline to Amend Pleadings (Doc. No. 277), finding that the plaintiff had already amended his complaint twice and that his motion to amend the complaint a third time is still pending. (*Id.*)

The plaintiff's Motion for Review of the July 23 Order is premised primarily upon his contention that the Order treats a "disputed fact as established"—specifically, the fact that Ignatz was the plaintiff's server on April 10, 2025. (Doc. No. 289 at 2.) But that fact apparently *is* established. The defendants have made that fact clear in their discovery answers and confirmed it on the record during the May 28, 2026 conference with the Magistrate Judge. (*See* Tr., Doc. No.

231 at 5–6, 11–14; *see also* Defs.' Ans. to Interrogs., Doc. No. 218-1 at 1–3.) The plaintiff offers no evidence to the contrary and has not deposed Ignatz. Yet, even during the May 28 conference, he continued to dispute that Ignatz was his server on April 10, 2025 and talked about needing "source information," metadata, and point-of-sale ("POS") data. (Doc. No. 231 at 15–21.) The Magistrate Judge ordered the defendants to produce any documents in their possession, specifically POS documentation, establishing that Ignatz was the plaintiff's server on April 10, 2025. The plaintiff continued to press the question of whether he could issue a subpoena to the defendant restaurant's POS vendor. The Magistrate Judge noted that that was not one of the issues to be resolved at that conference but that, if the plaintiff wanted to issue third party subpoenas, he could move to do so, and the parties could address the issue then. The Magistrate Judge emphasized, however, that it was unclear what the POS vendor could provide that would be "different from what the defendants provide." (*Id.* at 22.)

In other words, the defendants have admitted that Ignatz was the plaintiff's server and the individual whose complaint to her manager resulted in the restaurant's banning the plaintiff from the premises. The plaintiff has no evidence to the contrary. Indeed, it is unclear why he continues to dispute the fact that Ignatz was his server or what he stands to gain from continuing to dispute it. Regardless, the Magistrate Judge's attempts to rein in the plaintiff's overly broad and unnecessary discovery requests are well within his discretion, and the plaintiff has failed to show that the July 23 Order is clearly erroneous or contrary to law.

The plaintiff's Motion for Review (Doc. No. 289) is **DENIED**, and the July 23 Order (Doc. No. 288) is **AFFIRMED**. The defendants' Motion for Extension of Time to File Response to Plaintiff's Motion for Review at Doc. 289 (Doc. No. 291) is **DENIED AS MOOT**.

### I. Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 305)

This Motion for Review (Doc. No. 305) and supporting Memorandum (Doc. No. 306) seek review of the Magistrate Judge's one-paragraph October 5, 2026 Order (Doc. No. 304), denying the plaintiff's "Motion for Clarification of Potential Professional Connection and for Disqualification if Warranted Under 28 U.S.C. § 455" (Doc. No. 303). The plaintiff's Motion for Clarification requested information relating to the reassignment of this matter to Magistrate Judge Evans after Magistrate Judge Frensley recused himself and suggested that Magistrate Judge Evans should recuse himself under § 455 if some prior relationship between the Magistrate Judge and any of the defendants in this case exists.

The Magistrate Judge denied that the motion as frivolous because, in it, the plaintiff expressly conceded that his "'AI-assisted search of publicly available information' does not allow him to 'contend,' to 'presume,' or to 'infer' any violations of 28 U.S.C. § 455." (Doc. No. 304 at 1 (quoting Doc. No. 303 at 2–4).) The Magistrate Judge also noted that he is "familiar with judicial ethics criteria regarding recusal, and those criteria are not met here." (*Id.*)

The plaintiff's Motion for Review contends that the Magistrate Judge erred in denying his motion because he "Rejected a Conflict Plaintiff Did Not Allege, Rather Than the Clarification He Requested." (Doc. No. 306 at 2.) The defendants filed a Response (Doc. No. 312), and the plaintiff filed a Reply (Doc. No. 314).

This court finds that the plaintiff is not entitled to a clarification based on his AI-assisted (or other) research, which appears, according to the plaintiff, to show that Peter Demos was an attorney at the law firm Bullock, Fly, and Hornsby from June 1998 to May 1999 and that Magistrate Judge Evans, who did not graduate from law school until 2004, was affiliated with the law firm Bulloch, Fly, Hornsby, & Evans beginning at least as of 2010 and was a "senior partner

at Evans, Bulloch & Parker, PLLC" from 2022 until his appointment as a Magistrate Judge in 2026. (Doc. No. 303 at 2.) In other words, the Magistrate Judge may have been affiliated with a law firm that had previously employed Demos for a brief period years before the Magistrate Judge even graduated from law school. On the basis of this connection, the plaintiff speculates as to the possible existence of a conflict of interest.

The plaintiff has not identified any legitimate basis for seeking the recusal of the Magistrate Judge. The Motion for Review (Doc. No. 305) is **DENIED**, and the underlying Order (Doc. No. 304) is **AFFIRMED**.

### J. Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 308)

In the Order entered on October 10, 2026 (Doc. No. 307), the Magistrate Judge denied both the plaintiff's Motion to Modify the Scheduling Order and Extend the Discovery Deadline (Doc. No. 297) and the defendants' Motion to Preserve and Extend Dispositive Motion Deadline, If Necessary (Doc. No. 301). The denial as to both was without prejudice to their refiling, if necessary, upon the undersigned judge's resolution of the pending Objections to the Magistrate Judge's Report and Recommendation regarding several dispositive motions.

The plaintiff's Motion for Review of this Order asks how discovery can be completed if his claims survive if his motion is not ruled upon now. The defendants filed a Response to the motion (Doc. No. 313), and the plaintiff filed a Reply (Doc. No. 315).

The Magistrate Judge made it clear that the plaintiff can refile his request for additional time to complete discovery, if necessary, following a ruling on the plaintiff's Objections to the Report and Recommendation. The motion (Doc. No. 308) is, accordingly, **DENIED**, and the underlying Order (Doc. No. 307) is **AFFIRMED**. The court will rule promptly on the Objections to the Report and Recommendation. If any of the plaintiff's claims survive that review, a revised

case management order will enter, and the court will set a trial date. Until then, it is unclear whether an extension of the deadlines is necessary.

## III. CONCLUSION AND ORDER

To summarize, the court rules as follows on the pending motions for review of nondispositive orders:

1. The plaintiff's Motion for Review (Doc. No. 191) is **DENIED**, and the underlying Order (Doc. No. 190) is **AFFIRMED**. The plaintiff's Motion for Leave to File Short Supplemental Memorandum Regarding Prejudice from Defendants' Extension and Current Rule 12/Discovery Posture (Doc. No. 201) and the defendants' Motion to Strike (Doc. No. 216) are both **DENIED AS MOOT**.

2. The plaintiff's Motion for Review (Doc. No. 225) and his two motions to supplement that motion (Doc. Nos. 226, 234) are **DENIED**, and the underlying May 28 Order (Doc. No. 217) is **AFFIRMED**.

3. The Motion for Review (Doc. No. 232) is **DENIED**, and the May 29 Order (Doc. No. 220) is **AFFIRMED**.

4. The Motion for Review (Doc. No. 240) is **DENIED**, and the June 4 Order (Doc. No. 236) is **AFFIRMED**.

5. The plaintiff's Objection (Doc. No. 241) is **OVERRULED**, and the Subpoena Order (Doc. No. 237) is **AFFIRMED**.

6. The plaintiff's Objection (Doc. No. 243) is **OVERRULED**; the underlying June 8 Order (Doc. No. 242) is **AFFIRMED**; and the plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. No. 244) is **DENIED AS MOOT**.

7. The plaintiff's Objection (Doc. No. 270) is **OVERRULED**, and the underlying June 25 Order (Doc. No. 269) is **AFFIRMED**.

8. The plaintiff's Motion for Review (Doc. No. 289) is **DENIED**, and the underlying July 23 Order (Doc. No. 288) is **AFFIRMED**. The defendants' Motion for Extension of Time to File Response to the Motion for Review (Doc. No. 290) is **DENIED AS MOOT**.

9. The plaintiff's Motion for Review (Doc. No. 305) is **DENIED**, and the underlying Order (Doc. No. 304) is **AFFIRMED**.

10. The plaintiff's Motion for Review (Doc. No. 308) is **DENIED**, and the underlying Order (Doc. No. 307) is **AFFIRMED**.

11. Finally, the plaintiff's Motion for Leave to File Supplemental Chart in Support of Pending Rule 72(a) Objections (Doc. No. 291) is **DENIED AS MOOT**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge