# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **MONSIEUR SHAWNELLIAS BURGESS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:25-cv-00495** |
| | ) | **Judge Aleta A. Trauger** |
| **DOJI, INC. *et al.*,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

The court has recently entered two Orders disposing of upwards of thirty motions or objections filed by the plaintiff. Among other things, the court granted the plaintiff leave to file his Third Amended Complaint ("TAC") but dismissed the claims against four of the five defendants named therein, on the grounds that the TAC failed to state claims against those four defendants for which relief may be granted. Less than twenty-four hours later, the plaintiff filed his Motion for Entry of Final Judgment Under Rule 54(b), arguing that the ruling disposes of all claims against those four defendants and many of the claims against Worman, the sole remaining defendant; that immediate review of the dismissed claims "could determine the proper parties before the remaining case is litigated" and avoid potentially duplicative discovery and litigation; and that there is no "just reason for delay." (Doc. No. 329 at 2–3, 12.)

To pretermit inevitable objections to a report and recommendation by the Magistrate Judge,[1] the court will lift the referral of this motion to the Magistrate Judge in order to rule directly

[1] The court has not located authority from the Sixth Circuit addressing whether a Rule 54(b) motion is a dispositive or nondispositive motion, for purposes of 28 U.S.C. § 636(1). The Sixth Circuit applies a "functional analysis of the motion's potential effect on litigation" to

on the plaintiff's Motion for Entry of Final Judgment. For the reasons set forth herein, the motion will be denied.

## I. LEGAL STANDARD

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). As the Sixth Circuit has explained, "[p]roper certification under Rule 54(b) is a two-step process." *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)). The first step is for the district court to "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (citation omitted). Second, this court must "expressly determine that there is no just reason to delay appellate review." *Id.* (citation omitted). A district court's decision is reviewed for abuse of discretion. *Id.*

## II. DISCUSSION

The court declines to expressly direct the entry of final judgment as to the four defendants against whom the plaintiff's claims have been dismissed, because the court cannot find that there is "no just reason to delay appellate review." *Id.* The court anticipates that the few remaining claims against defendant Worman will readily be resolved on dispositive motions, following what little discovery may remain to be completed. The most efficient course of action for the plaintiff and the defendants will be for the parties to pursue one consolidated appeal (whether by one or both

---

determine whether a particular motion is dispositive. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001). Because certification under Rule 54(b) would require the court to "direct entry of a final judgment" as to one or more claims or parties, Fed. R. Civ. P. 54(b), the court finds that a Rule 54(b) motion is dispositive.

parties). Piecemeal appeals would simply multiply the parties' costs, unduly burden the courts, and ultimately delay the final resolution of the case as a whole.

## III. CONCLUSION

Because entry of final judgment and an immediate appeal of the dismissed claims are not warranted in this case, the plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) (Doc. No. 329) will be denied. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge